**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.R., C.R., and J.R.**

**No. 23-359** (Jefferson County CC-19-2021-JA-94, CC-19-2021-JA-95, and CC-19-2021-JA-96)

**MEMORANDUM DECISION**

Petitioner Mother J.M.[1] appeals the Circuit Court of Jefferson County's May 16, 2023, order terminating her parental rights to the children, M.R., C.R., and J.R.,[2] arguing that the circuit court failed to adjudicate her as a battered parent. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In November 2021, the DHS filed an abuse and neglect petition alleging that the father physically abused the children and the petitioner, sexually abused M.R., and abused alcohol. There were no allegations against the petitioner at this time as she and the children had recently moved out of the home. However, the petitioner was named as a nonabusing respondent and appointed counsel. The father admitted to excessive corporal punishment and verbal abuse, and the court adjudicated him as an abusing and neglecting parent in January 2022. Although the petitioner did not attend the father's adjudicatory hearing in person, she was represented by counsel at this hearing. The father's parental rights were thereafter terminated in July 2022. The children remained in the petitioner's care throughout the proceedings regarding the father. However, the DHS, guardian ad litem, and Court Appointed Special Advocate ("CASA") expressed concerns during this time relating to the petitioner's failure to enroll the children in school and ensure their attendance once enrolled. The circuit court repeatedly warned the petitioner that the DHS would be ordered to file an amended petition if the children were not in school. CASA was in contact with the petitioner and assisted her with the children's educational efforts and in finding

---

[1] The petitioner appears by counsel Jason T. Gain. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Pamela Jean Games-Neely appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

appropriate housing until approximately September 2022, when the petitioner's communication became sporadic. The petitioner and the children became homeless with their whereabouts unknown, and the children missed numerous days of school. An amended petition was then filed in October 2022, asserting allegations of educational neglect against the petitioner. A second amended petition was filed in December 2022, adding the additional allegation that the petitioner failed to protect the children by communicating with the father. It was also discovered that the petitioner and children were residing in a camper belonging to the father.

The circuit court proceeded to a final adjudicatory hearing in January 2023. The petitioner admitted to educational neglect; however, she denied failing to protect the children. Based on the petitioner's testimony during the hearing, which the court found lacked credibility, as well as the DHS's evidence of the petitioner's continued contact with the father, the court found that not only did the petitioner fail to provide for the education of the children, but she also failed to protect them from the father and provide them with safe living conditions. Therefore, the court adjudicated the petitioner as an abusing and neglecting parent and found the children to be abused and neglected. The petitioner thereafter filed a motion for a post-adjudicatory improvement period.

At a hearing on the petitioner's motion held in February 2023, counsel for the petitioner requested a "battered woman assessment," which the circuit court ultimately denied. According to the court, an assessment was unnecessary because the court and the parties recognized that the petitioner was previously the victim of the father's domestic violence and "have been working from the basis that [the petitioner] is a battered woman throughout this case." The circuit court then terminated the petitioner's parental rights following a final dispositional hearing in March 2023.[3] It is from the dispositional order that the petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner argues that the circuit court erred by failing to adjudicate her as a battered parent,[5] thereby frustrating the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings. Upon our review, we disagree.

_____

[3] On appeal, the petitioner only assigns error with regard to the circuit court's adjudication rulings; therefore, we need not go into detail regarding the dispositional hearing.

[4] As stated herein, the father's parental rights were also terminated. The permanency plan for the children is adoption by kinship placement.

[5] This memorandum decision focuses on the petitioner's adjudication subsequent to the DHS's filing of amended petitions setting forth allegations against the petitioner. To the extent that the petitioner argues that it was error for the circuit court to fail to adjudicate her as a battered parent during the father's January 2022 adjudicatory hearing and at a time when the DHS had included no allegations against her, we refuse to address this argument because the petitioner fails to demonstrate that the issue was addressed below. According to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, a petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." Further, that rule provides that this Court "may disregard errors that are not adequately supported by specific references to the record

According to West Virginia Code § 49-1-201, a

"[b]attered parent" for the purposes of § 49-4-601 et seq. of this code means a respondent parent, guardian, or other custodian who has been adjudicated by the court to have not condoned the abuse or neglect and who has not been able to stop the abuse or neglect of the child or children due to being the victim of domestic violence as defined by § 48-27-202 of this code, which was perpetrated by the same person or persons determined to have abused or neglected the child or children.

Our review of the record does not support a finding that the petitioner met the definition of a "battered parent" in regard to the amended petitions filed against her. Indeed, in order to be considered a battered parent under Chapter 49 of the West Virginia Code, there must be evidence that the parent did not condone the abuse or neglect and was unable to stop the abuse or neglect of the children due to being the victim of domestic violence. Here, the record demonstrates that it was the petitioner who in fact perpetrated the abuse and/or neglect in the absence of any ongoing domestic violence. As such, there is simply no basis in the record for the circuit court to have adjudicated the petitioner as a battered parent in regard to the petitions filed against her in October and December 2022.[6]

Accordingly, we find no error in the decision of the circuit court, and its May 16, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: May 20, 2024

---

on appeal." *Id.* Because the petitioner has included no citation indicating that she requested an adjudication as a battered parent at the time of the January 2022 hearing, we decline to address this argument on appeal. It is also critical to note that even if the petitioner had been adjudicated as a battered parent in January 2022, this would have had no bearing on the court's ability to adjudicate the petitioner of her own abusive and/or neglectful conduct once the DHS amended the petition to include allegations against her. *See In re C.W.*, No. 17-0614, 2018 WL 1040378, at *4 (W. Va. Feb. 23, 2018) (finding that the petitioner's "battered spouse defense is irrelevant, given the overwhelming evidence of petitioner's abuse and neglect of the children at issue.").

[6] To the extent that the petitioner argues that her adjudication as a battered parent in January 2022 would have entitled her to services, we note that the record establishes that the petitioner was provided supportive services from the outset of the proceedings. Further, while the petitioner argues that more appropriate services would have resulted from this adjudication, this ignores the circuit court's finding at disposition that the court and the parties had, at all times, recognized the petitioner's status as the victim of domestic violence. Critically, the petitioner again fails to cite to the record to demonstrate that she requested different services more tailored to her past victimization despite the fact that she was represented by counsel throughout the proceedings, including those times that she was designated as a nonabusing adult respondent.

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn